```
UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21275-CIV-SEITZ
                                      (00-364-CR-SEITZ)
                              MAGISTRATE JUDGE P.A. WHITE

EUGENE MILLS,                 :

       Movant,                :    REPORT RE DISMISSAL
                                   FOR FAILURE TO OBTAIN
v.                            :    AUTHORIZATION PURSUANT TO
                                    28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,     :

       Respondent.            :
_____
```

The pro-se movant Eugene Mills filed a successive motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction in 00-364-Cr-Seitz for drug offenses and a convicted felon in possession of a firearm. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
>                  \* \* \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

>	(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>	(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>	(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>	(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

			*   *   *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The pro-se movant alleges that his prior convictions should not have counted towards his sentence. He filed two prior motions to vacate attacking his enhanced sentence in Case No. 00-364-Cr-Seitz. The motion, assigned Case no. 05-20256-Civ-Seitz was denied on February 8, 2005. No appeal was taken. The second motion,

attacking the same criminal conviction and assigned case no. 05-20879-Civ-Seitz was dismissed as successive for failure to obtain authorization from the Eleventh Circuit Court of Appeals on April 27, 2005. No appeal was taken.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 28<u>TH</u> day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Eugene Mills, <u>Pro Se</u>
Reg. No. 60604-004
Fairton New Jersey
Address of Record